O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE MUNDONGO MANUNGA, <br><br> Plaintiff, <br><br> vs. <br><br> HERNANDEZ, et al., <br><br> Defendants. | CASE NO. SA CV 14-0713 AG (RZ) <br><br> MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

The *pro se* and *in forma pauperis* plaintiff in this civil rights action, Jeanne Mundongo Manunga, is an immigration detainee, *i.e.,* is in custody for removal proceedings. She appears to assert in this 42 U.S.C. § 1983 action that three City of Santa Ana jail employees were deliberately indifferent to her medical needs shortly after she arrived there with injuries she suffered hours earlier in an altercation with an Immigrations and Customs Enforcement (ICE) officer. Due to certain pleading flaws discussed below, the Court will dismiss the initial complaint with leave to amend.

**I.**

**COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* CASES**

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C.

§ 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting, and including original emphasis from, *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679-80, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (courts weighing dismissal should not accept, as true, allegations "that are no more than conclusions" and should dismiss if the well-pleaded allegations do not "plausibly suggest" an entitlement to relief).

A *pro se* plaintiff's civil rights complaint must be construed liberally, and the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.
## SUMMARY OF ALLEGATIONS

According to Plaintiff, on August 29, 2013, when she was away from the City jail for a scheduled hearing in her removal case, an ICE officer named Louis – not a defendant in this action but sued in a separate action – battered Plaintiff, breaking her coccyx and causing other injuries. These facts *per se* are not the subject of this lawsuit. (Plaintiff does not mention Louis, her trip from the City jail to the scheduled hearing, the

alleged assault, or her return to the jail thereafter in the body of her complaint. She should take care to briefly describe those facts in any amended complaint. Nonetheless, the Court is generally aware of these alleged facts from numerous other filings that Plaintiff has submitted in the past several months.) Rather, the foregoing facts are but a prologue. This lawsuit implicitly if clearly is based on what happened *after Plaintiff got back to the jail later on the same date.*

Plaintiff, in pain from her injuries, asked jail employees Hernandez and Grevy, now defendants, for medical assistance. They refused. Hernandez moved Plaintiff into a chilly isolation room for six hours without food, and Grevy stopped a jail nurse from treating Plaintiff. Plaintiff also sues a third jail employee, Jane Doe. Doe took pictures of Plaintiff's injuries but "refuse[d] to take the report or send me to the hospital." Like Grevy, Doe prevented a nurse from aiding Plaintiff, "even though she [Doe] saw that my hand was bleeding [and] swelling, [and] my knee was swelling and I couldn't walk." Comp. at 3. Plaintiff allows that the defendants' indifference to her pleas may have resulted, at least in part, from reports – false reports, Plaintiff states – that during her trip back to the City jail from her scheduled hearing, Plaintiff was "fight[ing] [the] driver." Comp. at 5.

Plaintiff sues Hernandez, Grevy and Doe solely in their official capacity, seeking millions of dollars in damages and other relief. (Attached to the complaint are various medical records, all or almost all of which pertain to medical visits long after Plaintiff's August 29, 2013 injuries. In any amended complaint, Plaintiff should omit such materials, for they are irrelevant and wasteful at worst and prematurely submitted at best.)

### III.
### SHORTCOMINGS IN THE COMPLAINT

**A.     Improperly Targets Defendants Solely In Official Capacity**

A claim targeting a government employee in his or her official capacity is an assertion that the plaintiff was harmed by the employing agency's *improper* policy or practice. In contrast, a claim against government employee in his or her *individual* capacity

1 is an assertion that the employee him- or herself acted wrongly, *in violation of* the
2 employing agency's proper policies. Plaintiff's factual allegations make clear that she
3 believes it was the three jail-employee defendants' *individual* wrongful acts and omissions,
4 rather than the jail's bad policies, that violated the law and harmed her. Thus, she should
5 have targeted Defendants in their *individual* capacity. She may do so in an amended
6 complaint. (Plaintiff may sue a jail employee in his or her official capacity as well, but
7 only if she can allege in good faith that a jail policy or practice, rather than individual
8 misconduct, was the moving force behind her injuries.)

### B. Fails To Specify Any Legal Claim(s)

Even in *pro se* cases, plaintiffs must state their various claims separately, each identifying a discrete alleged violation of the Constitution. *See Bautista v. Los Angeles County*, 216 F.3d 837, 839-40 (9th Cir. 2000). This separation serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Id.* at 840-41 (*quoting Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996)) (*citing* FED. R. CIV. P. 10(b) *and* JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, § 10.03[2][a] (3d ed. 1997)).

Here, Plaintiff asserts no legal claim at all. Instead, in the space provided in the form complaint for the kind of legal claim being asserted, Plaintiff simply begins her factual narrative. (As noted above, Plaintiff also omits many background facts and instead presumes the reader's awareness of her altercation with the ICE agent and resulting injuries.) The reader is left to guess, based on the factual narrative, that perhaps she wishes

to assert a claim of deliberate medical indifference in violation of her federal constitutional rights.  (Even more unclear is whether Plaintiff intends to assert any additional legal claim(s).  Sprinkled throughout the complaint are terms hinting at this possibility, such as "retaliation" here and "medical negligence" there.  The Court will not speculate about any possible legal claims that are not clearly asserted in any amended complaint and will not give legal advice about the availability or merits of any claim.)  In any amended complaint, Plaintiff must state one or more express, separate claims for relief, each including –

(1)    a *single* civil right that defendant(s) allegedly violated, *e.g.*, deliberate indifference to an immigration detainee in violation of the Due Process Clause of the Fourteenth Amendment; and

(2)    *as to each count of each claim,* the specific events and other facts that give rise to, and that make out a prima facie case of, *that specific claim.*  (If Plaintiff asserts more than one legal claim, then she must make clear which of the Defendants she targets in each claim.)

### C.    **Current Deliberate Indifference Allegations May Fall Short**

Even if the Court is correct in guessing that Plaintiff wishes to assert a deliberate indifference claim, her current allegations may not suffice to state such a claim adequately, at least not against all three defendants.  To state a deliberate indifference claim, the Ninth Circuit has explained,

> an inmate[1] must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).
> In the Ninth Circuit, the test for deliberate indifference consists of two parts.

---

[1] As an immigration detainee, Plaintiff is not a criminal "inmate" protected by the *Eighth* Amendment.  But she enjoys at least the same level of protection against deliberate indifference under the *Fourteenth* Amendment's Due Process Clause.  *See Villegas v. Metropolitan Gov't of Nashville*, 709 F.3d 563 (6th Cir. 2013).

1     *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir.1991), *overruled on other*
2     *grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)
3     (en banc). First, the plaintiff must show a "serious medical need" by
4     demonstrating that "failure to treat a prisoner's condition could result in
5     further significant injury or the 'unnecessary and wanton infliction of pain.'"
6     *Id*. at 1059 (citing *Estelle*, 429 U.S. at 104, 97 S.Ct. 285).

7     Second, the plaintiff must show the defendant's response to the need
8     was deliberately indifferent. *Id.* at 1060. This second prong . . . is satisfied
9     by showing (a) a purposeful act or failure to respond to a prisoner's pain or
10     possible medical need and (b) harm caused by the indifference. *Id*.
11     Indifference "may appear when prison officials deny, delay or intentionally
12     interfere with medical treatment, or it may be shown by the way in which
13     prison physicians provide medical care." *Id*. at 1059 (quoting *Hutchinson v.*
14     *United States*, 838 F.2d 390, 392 (9th Cir. 1988)). Yet, an "inadvertent [or
15     negligent] failure to provide adequate medical care" alone does not state a
16     claim under § 1983. *Id*. (citing *Estelle*, 429 U.S. at 105, 97 S.Ct. 285). A
17     prisoner need not show his harm was substantial; however, such would
18     provide additional support for the inmate's claim that the defendant was
19     deliberately indifferent to his needs. *Id.* at 1060. If the harm is an "isolated
20     exception" to the defendant's "overall treatment of the prisoner [it] ordinarily
21     militates against a finding of deliberate indifference." *Id*. (citations omitted).

22

23 *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (brackets in original) (paragraph break
24 added).

25     Plaintiff may allege sufficient facts against Jane Doe. Doe allegedly
26 photographed Plaintiff's extensive bruising and Plaintiff's bleeding hand. Significantly,
27 it is unclear whether a bleeding hand and Plaintiff's bodily bruising constitute a sufficiently
28 "serious medical need" for purposes of the first, *objective* portion of the *Jett v. Penner*

1  standard.  Assuming for the sake of discussion that they suffice, however, Plaintiff
2  adequately pleads that Doe was *subjectively* aware of that need but affirmatively chose not
3  to provide or seek care for Plaintiff – and that, on the contrary, Doe stopped a nurse from
4  caring for Plaintiff.  (The Court makes these observations without prejudice to any
5  challenges Doe or the other defendants may make.)

6  But the pleading is on shakier ground as to the other two defendants, Grevy
7  and Hernandez.  Just as with Doe, Plaintiff alleges that Grevy not only (1) did not arrange
8  for care herself, but also (2) stopped a nurse from proving care for Plaintiff.  But Plaintiff
9  alleged that Doe *personally saw* (and, indeed, photographed) *specific, possibly serious*
10 *symptoms*, namely bleeding of the hand and extensive body bruising.  Plaintiff includes no
11 comparable allegations about what Grevy saw or otherwise perceived.  At this point, all
12 Plaintiff has alleged is that Plaintiff complained to Grevy and that Grevy – perhaps not
13 fully believing Plaintiff – did not provide or arrange for care.  Similarly, Plaintiff alleges
14 no facts from which one reasonably could infer that Hernandez *actually believed* that
15 Plaintiff was in serious medical need but cruelly (rather than simply incorrectly) chose not
16 to provide care.  (It is true that Plaintiff alleges that Hernandez put Plaintiff in a cold
17 holding cell without food for six hours, but it is unclear that this additional fact, without
18 allegations fairly indicating that Hernandez actually believed Plaintiff had been seriously
19 injured, suffices for a deliberate indifference claim.)

### IV.
### CONCLUSION

23 Based on the foregoing, the initial complaint hereby is DISMISSED, and leave
24 to amend is granted.  More specifically, Plaintiff has three options:

25 (1) **Plaintiff may pursue this action further** by filing an original and one copy of a
26     pleading captioned as her First Amended Complaint (1AC), bearing the current case
27     number, within 30 days of the filing date of this Order.  To withstand another
28     dismissal, the 1AC must correct the deficiencies identified in this Order and must

comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park*, *Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem her to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

**The Court cautions Plaintiff that if she fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED:   June 4, 2014

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE